**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**HAMMOUD LAW, P.C.**
Youssef H. Hammoud, Esq. (321934)
yh@lawhammoud.com
3744 E. Chapman Ave., #F12269
Orange, CA 92859
Telephone: (949) 301-9692

*Attorneys for Plaintiff,*
Robert Villanueva

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**ROBERT VILLANUEVA,**

Plaintiff,

**v.**

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,**

Defendants.

**Case No.:** 8:23-cv-2218

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**I. FAIR CREDIT REPORTING ACT; AND,**

**II. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**JURY TRIAL DEMANDED**

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

3. ROBERT VILLANUEVA ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase Bank"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC.; and, TRANS UNION LLC ("Trans Union") with regard to attempts by Chase Bank to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

13. Plaintiff is a natural person who resides in Whittier, California, from whom Chase Bank sought to collect a debt which was alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

15. Chase Bank is a debt collector operating from the State of New York.

16. Chase Bank is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Chase Bank is a national bank operating within the State of California.

18. Equifax is a corporation located in the State of Georgia.

19. Experian is a corporation located in the State of California.

20. Trans Union is a corporation located in the State of Pennsylvania.

21. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

22. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

23. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff is an individual residing within the State of California.

25. On or about November 21, 2020, Plaintiff's (now-previous) employer, Gold Public Relations, Inc., opened a business line of credit with defendant, Chase Bank.

26. The sole owner of Gold Public Relations, Inc., is Ms. Shari Gold ("Ms. Gold").

27. Ms. Gold has been the sole owner since the business line of credit was opened in or around November 2020 and through the present day.

28. Unfortunately, and unknown to either Plaintiff or Ms. Gold, Plaintiff was listed as the "Authorizing Officer" on the account, which allegedly made Plaintiff personally responsible for the liabilities of the account and would reflect on Plaintiff's personal credit reports.

29. Confusingly, Ms. Goldwas not listed as the Authorizing Officer, despite her representations made to Chase Bank when the account was initially opened in 2020.

30. Plaintiff was simply an employee of Gold Public Relations as opposed to an

owner.

31. Plaintiff and Ms. Gold were unaware of this inaccuracy until May 2023, when Plaintiff received correspondence from Chase Bank, indicating that the account was past due.

32. Immediately upon receiving said correspondence from Chase Bank, Plaintiff contacted Chase Bank telephonically to inform them that he was not an "Authorized Officer" of Gold Public Relations, Inc.

33. Additionally, Plaintiff informed Chase Bank that he had resigned from employment with Gold Public Relations, Inc. in January 2023.

34. Chase Bank then requested Plaintiff complete a form entitled, "Change of Authorizing Officer Request Form."

35. Immediately, Plaintiff completed the aforementioned form fully and submitted it to Chase Bank.

36. Unfortunately, Plaintiff began to suffer the consequences of being listed as the "Authorizing Officer" when he began receiving notifications from corporations managing his personal financial accounts, indicating that his lines of credit were reduced due to the payment history of the Chase Bank account.

37. Chase Bank submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

38. On June 8, 2023, Chase Bank transmitted to Plaintiff correspondence denying Plaintiff's request that the account be corrected. Chase Bank gave no discernable explanation, instead choosing to respond with befuddling language: "We're unable to process your request because the account isn't eligible for an Authorizing Officer change."

39. Upon receiving this correspondence, Plaintiff once again contacted Chase Bank seeking clarification regarding the account status and Chase Bank's position regarding his erroneous status as "Authorizing Officer."

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

40. Chase Bank was unable to explain to Plaintiff why it was unable to correct the account.

41. Plaintiff has requested that Chase Bank provide Plaintiff with the initial application for credit, in order to better understand why he is being held personally responsible for his former employer's debt. Chase Bank has continued to deny Plaintiff such access.

42. Plaintiff then submitted the "Change of Authorizing Officer Request Form" several times more by email, fax, and in person. Each time, Plaintiff's request was denied. Each time, when speaking with a Chase Bank representative, they were unable to explain Chase Bank's inability to correct the erroneous account information.

43. On July 31, 2023, Plaintiff submitted another dispute to Chase Bank, explaining why Chase Bank's reporting of derogatory information to the credit bureaus was inaccurate and included substantiating documents.

44. In addition to these direct disputes, Plaintiff also submitted a written dispute to Experian; Equifax; and, Trans Union in or about July 31, 2023.

45. These disputes explained why Chase Bank's reporting of derogatory information to the credit bureaus was inaccurate and included substantiating documents.

46. Said documents were a letter from the owner of Gold Public Relations, Inc., indicating that she was solely responsible for the debt and a copy of the "Change of Authorizing Officer Request form."

47. Chase Bank was then required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

48. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report

pursuant to 15 U.S.C. §1681i.

49. Experian, Equifax, and Trans Union unfortunately verified the inaccurate information as reported by Chase Bank.

50. On August 16, 2023, Experian informed Plaintiff that Experian and Chase Bank rejected his dispute and that the inaccurate information was verified.

51. On August 23, 2023, Equifax informed Plaintiff that Equifax and Chase Bank rejected his dispute and that the inaccurate information was verified.

52. On August 31, 2023, Trans Union informed Plaintiff that Trans Union and Chase Bank rejected his dispute and that the inaccurate information was verified.

53. To date, the Chase Bank tradeline appears on Plaintiff's Experian, Equifax, and Trans Union credit reports.

54. Chase Bank submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

55. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

56. Defendants' investigations were unreasonable.

57. More specifically, Chase Bank should have discovered from Chase Bank's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff's Chase Bank debt was not owed by Plaintiff.

58. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed.

59. Accordingly, Chase Bank failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

60. Chase Bank failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

61. Due to Chase Bank's failure to reasonably investigate, Chase Bank further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

62. By inaccurately reporting account information after notice and confirmation of its errors, Chase Bank failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

63. Through this conduct, Chase Bank violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Chase Bank knew or should know was inaccurate.

64. Experian, Equifax, and Trans Union also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

65. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

66. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

67. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

68. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.
69. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.
70. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
71. Defendants' conduct has caused Plaintiff emotional distress.
72. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.
73. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.
74. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.
75. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.
76. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and

suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

77. In terms of pecuniary loss, Plaintiff's Home Equity Line of Credit on his primary residence was suspended as a result of this derogatory credit information.

78. Plaintiff has also suffered a reduced line of credit from Barclay's, reducing his credit line from $44,000 to $1,400.

79. Plaintiff has also suffered additional reductions to his lines of credit.

80. Additionally, Plaintiff's credit score has been reduced from 780 to 620.

81. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

82. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

83. Similarly, Experian, Equifax, and Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

84. These documents should have caused Experian, Equifax, and Trans Union to remove the inaccurate information from Plaintiff's credit report.

85. By intentionally reporting continuing obligations, Experian, Equifax, and Trans Union acted in conscious disregard for Plaintiff's rights.

86. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

87. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

90. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

91. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST CHASE]

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

94. In the regular course of its business operations, Chase Bank routinely furnishes information to credit reporting agencies pertaining to transactions between Chase Bank and Chase Bank's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

95. Because Chase Bank is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Chase Bank is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

96. Since Chase Bank received all documents required to determine the inaccuracy of Chase Bank's reporting, Chase Bank should have known to update said reporting.

97. Chase Bank also should have determined that Chase Bank's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

98. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Chase Bank.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**COUNT II**

**THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[AGAINST EXPERIAN, EQUIFAX AND TRANS UNION]**

99. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

100. Defendants violated the CCRAA. Defendants' violations include, but are not limited to, the following:

101. Defendants violated Cal. Civ. Code § 1788.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when preparing a consumer credit report.

102. Defendants violated Cal. Civ. Code § 1785.16 *et. seq.*, including but not limited to, by:

a. failing to reinvestigate the disputed information;

b. failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information;

c. failing to notify the Plaintiff of the dispute results;

103. Defendants' acts, as described above, were done willfully and knowingly.

104. Consequently, Defendants are liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 28, 2023

Respectfully submitted,

*/s/ Youssef H. Hammoud*

**HAMMOUD LAW, P.C.**
Youssef H. Hammoud, Esq. (321934)
yh@lawhammoud.com
3744 E. Chapman Ave., #F12269
Orange, CA 92859
Telephone: (949) 301-9692

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Robert Villanueva